**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allen Skillicorn,<br><br>          Plaintiff,<br><br>v.<br><br>Ginny Dickey, et al.,<br><br>          Defendants. | No. CV-24-01074-PHX-DWL<br><br>**ORDER** |

      Pending before the Court is Plaintiff Allen Skillicorn's motion for a temporary restraining order ("TRO"). (Doc. 6.) For the reasons that follow, the motion is denied.

## BACKGROUND

      On May 10, 2024, Plaintiff initiated this action by filing a complaint. (Doc. 1.) The complaint is not signed or otherwise verified by Plaintiff—instead, it is signed by Plaintiff's counsel. (*Id.* at 21.) The complaint alleges that Plaintiff is a member of the Fountain Hills Town Council (the "Town Council"). (*Id.* ¶ 1.) The complaint further alleges that Mayor Ginny Dickey, Town Council members Brenda Kalivianakis, Sharon Grzybowski, and Peggy McMahon, and private attorney Tina Vannucci (together, "Defendants") improperly determined as a result of a "sham investigation" that Plaintiff had committed two ethics violations. (*Id.* ¶¶ 2-6, 12-52.) The first alleged violation stemmed from a January 17, 2024 Town Council meeting in which Plaintiff raised concerns about possible conflicts of interest involving other Town Council members. (*Id.* ¶ 19.) The second alleged violation occurred on September 16, 2023. (*Id.* ¶ 30.) The complaint

alleges that on that date, Plaintiff had placed various signs around Fountain Hills opposing a bond measure, Plaintiff saw a Fountain Hills code enforcement officer remove one of his signs, and Plaintiff then pursued the Fountain Hills code enforcement officer in his car and tried to get that person to pull over so Plaintiff could discuss the removal of his sign, which Plaintiff viewed as unlawful. (*Id.* ¶¶ 30-36.)

The complaint alleges that Defendants imposed sanctions against Plaintiff based on these violations, including: (1) Plaintiff "could not be elected Vice Mayor"; (2) Plaintiff "is not permitted to interact with Town staff members unless another person is present"; (3) Plaintiff is "required to apologize to [the] Town employee"; and (4) Plaintiff "could not be reimbursed for expenses for travel that he undertook as part of his official Town duties." (*Id.* ¶ 52.) The complaint alleges that Plaintiff will not apologize to the Fountain Hills code enforcement officer and that "the Town will likely attempt to impose additional illegal sanctions on [him] for this refusal." (*Id.* ¶ 55.) The complaint further alleges that "Defendant Councilmembers actions have encouraged citizens to file additional ethics complaints seeking to silence [Plaintiff]" and that, as a result, Plaintiff is now the subject of an additional, unrelated ethics investigation. (*Id.* ¶¶ 56-60.) The complaint alleges that Ms. Vannucci is working on this investigation and is attempting to interview Plaintiff regarding it, but Plaintiff refuses to be interviewed. (*Id.* ¶¶ 59-61.)

The complaint asserts two claims against Defendants. In Count One, the complaint asserts a claim for "[v]iolation of Plaintiff's rights to freedom of speech, freedom to petition and communicate with government officials, and right to due process and equal protection of the laws under the First and Fourteenth Amendments to the Constitution of the United States." (*Id.* at 16.) In Count Two, the complaint asserts a claim for "[v]iolation of Plaintiff's right to due process and equal protection of the laws under the First and Fourteenth Amendments to the Constitution of the United States." (*Id.* at 18.) In the prayer for relief, the complaint asks the Court, *inter alia*, to "[i]ssue a temporary restraining order and preliminary and permanent injunctions prohibiting Defendants from violating Plaintiff's rights in the future, and enjoining Defendants from imposing the 'discipline' of

[Plaintiff] adopted by a majority of the . . . Town Council." (*Id.* at 20.)

On May 10, 2024, the Court issued the preliminary order, which in part stated: "Plaintiff(s) must promptly serve a copy of this Order on Defendant(s) and file a notice of service with the Clerk of Court" and "unless the Court orders otherwise, on August 9, 2024, the Clerk of Court shall terminate without further notice any Defendant in this action that has not been served." (Doc. 4 at 6-7, emphasis omitted.) Plaintiff has not yet filed any proofs of service, so there is no evidence that any Defendant has been served or otherwise made aware of this action.

On May 14, 2024, Plaintiff filed a motion for a TRO and preliminary injunction. (Doc. 6.) Although the motion includes a certificate of service, it does not indicate whether any Defendant has been served and/or whether any attempts were made to provide any Defendant with notice. (*Id.* at 19.)

**DISCUSSION**

I.   Legal Standard

Under Rule 65 of the Federal Rules of Civil Procedure, a party may seek injunctive relief if it believes it will suffer irreparable harm during the pendency of an action. There are two types of injunctions available under Rule 65: TROs and preliminary injunctions. TROs may be issued without notice to the adverse party and are of limited duration. *See* Fed. R. Civ. P. 65(b). Preliminary injunctions, in contrast, may only be issued after adequate notice is provided to the adverse party. *See* Fed. R. Civ. P. 65(a). *See generally Ciena Corp. v. Jarrard*, 203 F.3d 312, 319 (4th Cir. 2000) ("The interplay between Rule 65(a) (governing preliminary injunctions) and Rule 65(b) (governing TROs) is fluid, requiring greater procedural formality and notice for preliminary injunctions that remain operative for an unlimited time period . . . . Because a preliminary injunction is unlimited in duration, its entry always requires notice to the opposing party sufficient to give that party an opportunity to prepare an opposition to entry of an injunction.").

Because Plaintiff has not established that Defendants have received notice, the Court will limit its analysis here to Plaintiff's seeming request for a no-notice TRO and

will rule on Plaintiff's request for a preliminary injunction in due course. A request for a TRO and a request for a preliminary injunction are analyzed under the same standards. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (cleaned up); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right.") (citation omitted). "A plaintiff seeking a preliminary injunction must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this "serious questions" variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

II.     Analysis

Although the standards for evaluating a request for a TRO and preliminary injunction are the same, these remedies serve different purposes. "A TRO should be restricted to preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing and no longer." *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (cleaned up); *see also Arizona Recovery Hous. Ass'n v. Arizona Dep't of Health Servs.*, 462 F. Supp. 3d 990, 996 (D. Ariz. 2020) ("The purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment on the merits can be rendered, while the purpose of a TRO is to preserve

the status quo before a preliminary injunction hearing may be held.") (cleaned up).

At the outset, Plaintiff has not demonstrated that he has served Defendants with any documentation regarding this lawsuit or otherwise provided them with notice of his TRO request. *Grandinetti v. Bowden,* 2010 WL 259077, *1 (D. Ariz. 2010) ("Plaintiff does not indicate that the motion was served on Defendants or that he attempted to serve his motion on Defendants.  As a result, Plaintiff appears to seek a temporary restraining order without notice under Rule 65(b) of the Federal Rules of Civil Procedure."). Ex parte TRO motions are disfavored. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("[C]ourts have recognized very few circumstances justifying the issuance of an ex parte TRO."); Steven S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 65 ("Federal courts view ex parte TROs with disfavor and rarely grant them.")

Pursuant to Rule 65(b)(1)(B), a court may not grant an ex parte TRO unless the plaintiff's attorney certifies "in writing any efforts made to give notice and the reasons why it should not be required." Plaintiff's attorney has not done this. (Doc. 6.) This alone means the TRO request must be denied. Fed. R. Civ. P. 65(b)(1)(B) ("The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if* . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.") (emphasis added); *see also Grandinetti*, 2010 WL 259077 at *1 ("The Court may not grant a temporary restraining order without notice unless the applicant certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons that notice should not be required.  Plaintiff has not satisfied this requirement.  No reason has been offered by Plaintiff to forgo notice to the adverse party.  Accordingly, Plaintiff's motion for temporary restraining order will be denied.") (citation omitted).

Additionally, a court may not grant an ex parte TRO unless the movant has provided a verified complaint or affidavit demonstrating that irreparable harm will occur if the ruling is delayed until after the adverse parties are given a chance to respond. Fed. R. Civ. P.

65(b)(1)(A) ("The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."). Here, the complaint is not verified. (Doc. 1.) And the only document attached to the motion that even arguably qualifies as an affidavit for purposes of Rule 65(b) is a document signed by one of the Defendants affirming that the minutes from the January 17, 2024 Town Council meeting are accurate. (Doc. 6 at 37.) Regardless of whether this qualifies as an affidavit under Rule 65, it does not establish the truth of the allegations that Plaintiff claims support irreparable harm. (*Id.* at 16.) It shows that Plaintiff raised the conflict-of-interest issues at the Town Council meeting and that several other Town Council members took issue with his decision to raise those issues. (*Id.* at 23-24, 30, 34, 36.) It does not establish that Plaintiff has been sanctioned, as the complaint alleges, or establish why those sanctions will cause Plaintiff to suffer irreparable harm. (*Id.* at 16.) This lack of a verified complaint or affidavit establishing irreparable harm provides an independent basis why the TRO request must be denied. *See, e.g.*, *Egan v. Lonza Houston Inc.*, 2023 WL 3431910, *2 (C.D. Cal. 2023) ("Egan's TRO Application must be denied because it does not contain specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss, or damage will result absent a restraining order.") (cleaned up).

…
…
…
…
…
…
…
…
…

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's motion (Doc. 6), insofar as it seeks a TRO, is **denied**. The Court will rule on Plaintiff's request for a preliminary injunction (Doc. 6) in due course.

2. Plaintiff must serve a copy of his motion for preliminary injunction (Doc. 6) and this order upon each Defendant and file proof thereof with the Court by May 31, 2024.

3. Each Defendant must respond to Plaintiff's motion for preliminary injunction (Doc. 6) within 14 days of service.

4. Plaintiff may file a reply responding to any such response within seven days of when the response is filed.

Dated this 17th day of May, 2024.

_____
Dominic W. Lanza
United States District Judge